Harold Tessler, J.
This proceeding is brought pursuant to subdivision 2 of section 330 of the Election Law, to set aside the primary election held on September 6, 1962, for the party positions of Democratic District Leaders (male and female) in the twelfth Assembly District, Part B, Queens County.
Petitioners Domenic La Rosa and Celie Davies were opposed by the respondents Dominick F. Paduano and Mae A. Geraghty for the party positions mentioned above. There are a total of 36 election districts in Part B, the unit of representation involved. The official recanvass by the Board of Elections disclosed that Paduano defeated La Rosa by a margin of 399 votes and that Geraghty won over Davies by 466 votes..
There is little or no dispute over the facts and claimed irregularities. It is conceded that in six election districts (13th, 14th, 15th, 17th, 18th and 107th) the machines were actually located and the voting took place at locations other than those advertised and publicized pursuant to the Election Law, that the polling place in the 12th election district was not open for voting until 8:30 p.m., after which voting took place and a total of 96 votes were cast in each of the two leadership contests; that in the 103d, 104th and 106th election districts, the machines were removed from the advertised locations on September 5 but were returned to the proper ones sometime prior to 3:00 p.m. on primary day and the voting took place at these latter locations. The petitioners offered proof that in the 103d and 107th election districts the voting did not actually commence until 4:30 p.m., that three of the relocated polling places were situated in election districts noncontiguous to the districts whose electorate they served, but that none were more than six to seven blocks from the original locations.
Petitioners make no claim of fraud. It is their contention that the foregoing irregularities and deviations from the statute in their cumulative effect render it “ well within the realm of possibility that but for these irregularities La Rosa and Davies would have been the victors ”. Petitioners urge “ the doctrine that elections must be determined by ballot and not by speculation or average.”
*857 The court is in full accord with this doctrine and it is for this basic reason that I am unable to hold with petitioners ’ quest to set aside the election. This court holds to the principle of law enunciated in Matter of Leibbell v. Barnes (36 Misc 2d 751), whevein the court staled: “It is basic that the court has no power to set aside an election simply because a candidate may be ! aggrieved ’ or because a candidate or one or more voters were deprived of a legal right by reason of some irregularity or other defect in the voting process. It is clear that the court is empowered to act only when such irregularities as may have existed could have affected the result and because of such irregularities it is impossible to determine who was rightfully elected or nominated. (Matter of McGuinness v. DeSapio, 9 A D 2d 65.) ” In addition, the court feels that the rule as stated in Matter of Badillo v. Santangelo (15 A D 2d 341, 342) is applicable and controllable herein: “ An election will not be overturned upon a mere mathematical possibility that the results could have been changed, when the probabilities all combine to repel any such conclusion. (Matter of McGuinness v. DeSapio, 9 A D 2d 65.) Neither the statute nor this court’s opinion in the McGuinness case projects such a strained and unrealistic formula to the practical affairs of politics.”
An examination of the irregularities, quickly reveals that all of them affect petitioners and respondents alike. The changed locations, the curtailed hours of voting, etc., are not claimed to be the fault or responsibility of the respondents and there is no proof whatever that the rights of either of the parties were affected thereby. In fact, the actual results in several of these districts might well indicate that petitioners may have been the recipients of an advantage. For example, in the 12th election district La Bosa was the victor by a vote of 52 to 42; in the 103d election district La Bosa won by 220 to 45; in the 104th election district La Bosa won by 96 to 2; in the 106th election district Paduano won by 23 to 8; in the 107th election district La Bosa won by 27 to 6. It is conceded that the results in these districts were approximately the same in the female leadership contest. All of these prove nothing. To use them as a basis for setting aside the election or, on the other hand, to validate it, would be to employ guesswork and speculation in its rankest form. The simple fact is that in all of the claimed ‘ ‘ irregular ’ ’ districts, it has not been shown that anything other than a normal voting took place. There is nothing in the proof to indicate that the irregularities in any way could have been affected or the result changed so as to make the rightful winner impossible to determine.
*858 A Mr. Meyer of Babe Bros, testified that he was responsible for the transportation and delivery of the voting machines and that he personally supervised the location and relocation of the machines for the 13th, 14th, 15th, 17th, 18th and 107th election districts. He further' testified that the Shoup machines (those used in the Bepublican Congressional primary election which in part included the unit of representation involved in this proceeding) were too large to permit their entry into the scheduled and advertised locations and for this reason he was advised by the Board of Elections to transport and deliver them to the changed locations. Mr. Meyer testified that he was in the business of transportation and delivery of election machines for 25 years and that he had made every effort to locate the machines in their scheduled locations. It is conceded by the petitioners that a sign 2 feet by 4 feet was located in a conspicuous place at the original locations advising prospective voters of the change of polling places and the addresses of the new locations. Under these circumstances, it is my view that a reasonable construction of subdivision 5 of section 66 of the Election Law gives legal sanction to the action of the Board of Elections in relocating the machines for the six districts. For this reason, the court concludes that the relocation of these six polling places to other public buildings, six to seven blocks away, did not constitute such an irregularity or irregularities to "warrant consideration as a basis for setting aside the election.
Petitioners have failed to prove that such irregularities as existed either could have changed the result of the election, or that the rightful winner was impossible of determination. Accordingly, the petition is dismissed.